IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03082-DDD-CYC

WYATT T. HANDY, JR.,

    Plaintiff,

v.

CITY OF AURORA, and
KEVIN BARNES,

    Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge**.

    The defendants request a stay of discovery pending resolution of their pending motion to dismiss. ECF Nos. 31 and 32. For the reasons that follow, the motion to stay is **GRANTED**.

## BACKGROUND

    The plaintiff's amended complaint, filed on December 16, 2024, seeks recovery under 42 U.S.C. § 1983 for alleged violations of his Fourteenth Amendment due process rights. *See generally* ECF No. 5. In short, the plaintiff alleges that he was injured by an individual who was a confidential informant for the Aurora Police Department and that the defendants failed to protect him from the confidential informant. *Id*. at 5–8. The plaintiff avers that the defendants covered up an incident in which the confidential informant physically assaulted him. *Id*. at 8. The plaintiff also alleges that the Aurora Police Department has a history of failing to supervise confidential informants and offers several examples dating back to 2007. *Id*. at 9–14. As a result, the plaintiff also brings a Section 1983 *Monell* claim, alleging that the Aurora Police Department has a policy or custom that is the "moving force of the constitutional violation," *Monell v. Dep't*

*of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). ECF No. 5 at 14–16.

In their motion to dismiss, the defendants argue that the complaint fails to state a claim, is barred by the statute of limitations, and that defendant Barnes is entitled to qualified immunity as to the claim asserted against him. *See generally* ECF No. 31. The defendants request that this case be stayed until the Court rules on the pending motion to dismiss. *See generally* ECF No. 32. The Court gave the plaintiff notice that he needed to respond to the motion to stay within twenty-one days pursuant to D.C.COLO.LCivR 7.1(d), ECF No. 35 at 2, but the plaintiff offered no response.

## DISCUSSION

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. However, Rule 26(c) permits the Court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c), and Rule 1 instructs that the rules of procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Moreover, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). An order staying discovery is thus an appropriate exercise of this Court's discretion. *Id.* at 254-55.

Noting that defendant Barnes asserts a defense of qualified immunity, the defendants suggest that all discovery ought to pause until that issue is resolved. *See* ECF No. 32 at 2–3. There is mixed support in this District for the proposition that such an assertion ends the inquiry. *Compare Lucero v. City of Aurora*, No. 23-cv-00851-GPG-SBP, 2023 WL 5957126, at *6 (D. Colo. Sep. 13, 2023) (concluding "that discovery be stayed upon the assertion of qualified

immunity" based on *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), until "a determination of the question[] of . . . qualified immunity . . . whether the claim is brought against" an individual asserting qualified immunity or an entity that cannot); *Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL 981308, at *2 (D. Colo. Mar. 15, 2021) (overruling objection that "it is improper to stay proceedings as to all defendants" when only individual defendants assert qualified immunity and questioning authority of *Rome v. Romero*, 225 F.R.D. 640 (D. Colo. 2004)) *with McGinn v. El Paso Cnty.*, 640 F. Supp. 3d 1070, 1076 (relying on *Rome* to "decline[] to stay discovery based on the invocation of qualified immunity alone" by individual defendants) *and Minter v. City of Aurora*, 2021 WL 735910, at *6 (D. Colo. Feb. 25, 2021) ("[T]he invocation of qualified immunity by the Individual Defendants with regard to their federal claims, in and of itself, does not warrant a stay of discovery."). But the Court need not resolve this contretemps. Even under an analysis of the standard factors surrounding a stay of discovery, a stay is appropriate here.

> Those factors are the following five:
>
> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006). "[S]tays of the normal proceedings of a court matter should be the exception rather than the rule and courts in this District generally disfavor stays." *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019) (quotations marks omitted). Further, "a stay is not warranted merely because Defendants filed [ ] Motion[s] to Dismiss that they believe [are] dispositive of this entire matter." *Id*. However, "a court may decide that in a particular case it would be wise to stay

3

discovery on the merits until challenges to jurisdiction have been resolved." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2040 (3d ed. 2024); *see, e.g., Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *3 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties.").

Considering these factors, the Court concludes that a stay is warranted.

First, considering the potential prejudice to the plaintiff of a delay and the plaintiff's interests in proceeding expeditiously, there is no argument or evidence that the plaintiff will be prejudiced by a stay in this case. Even though the plaintiff told the defendants that he opposed a stay, ECF No. 32 at 1, the plaintiff did not respond to the motion despite being reminded of his deadline to file a response and, instead, chose to only file a response to the motion to dismiss. *See* ECF Nos. 35 (Minute Order reminding the plaintiff of his deadline to respond), ECF No. 36 (plaintiff's motion requesting an extension of his deadline to respond to the motion to dismiss), ECF No. 39 (response to motion to dismiss). Accordingly, while plaintiffs generally have an interest in proceeding expeditiously, there is no argument or evidence in this case that this plaintiff will be prejudiced by a stay. Accordingly, this factor is neutral.

The defendants argue they are all entitled to a stay because defendant Barnes has asserted that he is entitled to qualified immunity. ECF No. 32 at 2–4. They argue that "[i]f Defendant Barnes is entitled to qualified immunity and is forced to participate in any pre-trial activities, the immunity defense will effectively be lost." *Id*. at 4. To be sure, qualified immunity "give[s] government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery," *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996), and "qualified immunity questions should be resolved at the earliest possible stage in litigation."

4

*Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (quotation marks omitted). In addition, "discovery generally should be avoided once qualified immunity is raised," unless the plaintiff demonstrates "how such discovery will raise a genuine fact issue as to the defendant['s] qualified immunity claim." *Martin v. Cnty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015). Here, the plaintiff has made no such demonstration. *See Raven v. Williams*, No. 19-cv-01727-WJM-SKC, 2019 WL 4954640, at *2 (D. Colo. Oct. 8, 2019) (finding the second factor weighed in favor of a stay because the plaintiff did not address how discovery would pertain to the defendants' qualified immunity defense). Furthermore, allowing limited discovery to proceed as to certain claims would effectively rob defendant Barnes of his qualified immunity defense. *See Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July 30, 2015) (finding the second factor weighed in favor of staying discovery, even though qualified immunity was only applicable as to some of the claims, because "it would be difficult for the parties and the Court to distinguish between discovery related to the claims that may be subject to qualified immunity and those that are not"). Accordingly, the second factor supports the imposition of a stay.

In addition, a stay would serve the Court and the public interest by avoiding the unnecessary expenditure of the Court's time and resources while a motion is pending that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[N]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (quoting *Dem. Rep. Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007)). Accordingly, the third and fifth factors weigh in favor of a stay.

Finally, regarding the interests of third parties, as there are no non-parties with significant, particularized interests in this case, this factor is neutral.

A balance of these factors favors a stay. *See Estate of Burnett v. City of Colo. Springs*, No. 21-cv-01708-WJM-KMT, 2022 WL 218630, at *4 (D. Colo. Jan. 25, 2022) (granting stay of all discovery); *Chapman*, 2015 WL 4574863, at *4 (same). Therefore, good cause exists to impose a stay of discovery in this case until the Court rules on the pending motion to dismiss, ECF Nos. 31.

## **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that the Defendants' Motion to Stay Proceedings Pending ruling on Motion to Dismiss on Qualified Immunity Grounds, ECF No. 32, is **GRANTED**.

It is further ORDERED that this matter is **STAYED** pending further order of the Court.

It is further ORDERED that the defendants shall file a motion asking the Court to set a Scheduling Conference within **seven days** of the Court's ruling on the pending motion to dismiss, if any portion of the plaintiff's claims survive the motion to dismiss.

Entered and dated this 15th day of July, 2025, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

6