IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03082-DDD-CYC

WYATT T. HANDY, JR.,

      Plaintiff,

v.

CITY OF AURORA,
OFFICER KEVIN BARNES, and
OFFICER JOHN DOE,

      Defendants.

---

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Confidential informants often have checkered pasts. The police's use of such informants may, in a general sense, increase danger to people with whom they come in contact. But liability for employing such informants requires more than general danger. Plaintiff Wyatt T. Handy, Jr.'s proposed second amended complaint does not allege more than that and, accordingly, the Court recommends that his motion to amend, ECF No. 47, be denied.

The Court previously issued a Recommendation regarding the plaintiff's first amended complaint. *See* ECF No. 46. In brief, that complaint alleged that defendant Kevin Barnes, who oversaw that Aurora Police Department's Narcotics Unit, used Jehrone D. Falls as a confidential informant beginning in 2020. For months thereafter, Falls threatened the plaintiff and, two and a half years into Falls's tenure as an informant, Falls struck the plaintiff with a handgun at the plaintiff's daughter's house, rendering the plaintiff unconscious. He continued to threaten the plaintiff thereafter. *See* ECF No. 5 at 4–7. The complaint asserted two claims under the

Fourteenth Amendment through 42 U.S.C. § 1983: (1) violation of due process against all defendants; and (2) failure to train or supervise against Aurora. *Id.* at 4, 14.

The Recommendation found that the first claim, asserted under a "state-created danger theory," did not sufficiently allege that the plaintiff was a member of a limited and specifically definable group or that the defendants' conduct put the plaintiff at substantial risk of serious, immediate, and proximate harm. ECF No. 46 at 5–7. It recommended dismissal of the second claim for failure to allege that Falls was acting under color of law and for an overly attenuated theory of causation. *Id.* at 8–10.

The plaintiff did not object to the Recommendation, and the district judge adopted it, dismissing the amended complaint without prejudice. *See* ECF No. 48. Instead, the plaintiff moved to amend, reasserting the same claims. ECF No. 47. The district judge referred the motion to the undersigned. ECF No. 49.

As a threshold matter, the plaintiff filed his reply to the motion to amend late. *See* ECF No. 52. The defendant opposes accepting the tardy reply, pointing a lack of real justification for it. ECF No. 54. That argument has some merit and could warrant a refusal to consider the reply. *See, e.g.*, *Charles v. McConnell*, No. 20-cv-01596-RM-KMT, 2021 WL 2311477, at *2 (D. Colo. June 7, 2021) (noting that pro se litigants "must still comply with the same rules of procedure as other litigants"). But given the plaintiff's pro se status, and given that the reply makes no difference as to the result, the Court will consider it. *See Jackson v. City & Cnty. of Denver*, 628 F. Supp. 2d 1275, 1285 n.2 (D. Colo. 2008); *Ellis v. Denver Cnty. of City*, No. 22-cv-01874-RM-KAS, 2024 WL 3950932, at *3 (D. Colo. Aug. 27, 2024).

As for the motion itself, a district court "should . . . give leave" to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). But a court may refuse leave "on a showing

of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotation marks omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Sanders v. Anoatubby*, 631 F. App'x 618, 621 (10th Cir. 2015) (quotation marks omitted). To survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Legal conclusions are not entitled to the assumption of truth, *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Ultimately, a court must "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

The proposed second amended complaint does not do that. The plaintiff relies on a state-created danger theory. *See* ECF No. 47 at 2; ECF No. 51 at 2–6. "[T]o succeed on a danger-creation claim plaintiff must meet all elements of a six-part test," namely:

> (1) the charged state entity and the charged individual actors created the danger or increased plaintiff's vulnerability to the danger in some way; (2) plaintiff was a member of a limited and specifically definable group; (3) defendant[s'] conduct put plaintiff at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) defendants acted recklessly in conscious disregard of that risk; and (6) such conduct, when viewed in total, is conscience shocking.

*Estate of B.I.C. v. Gillen*, 710 F.3d 1168, 1173 (10th Cir. 2013) (quoting *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1281 (10th Cir. 2003)). The Recommendation previously noted that the amended complaint failed to satisfy this test:

> "Read together, factors two and three of the state-created danger test require that the government actor's affirmative conduct involve conduct that 'imposes an immediate threat of harm, which by its nature has a limited range and duration' and is 'directed at a discrete plaintiff rather than at the public at large.'" *JGE v. United States*, No. CV 14-710 MV/WPL, 2016 WL 7438011, at *5 (D.N.M. Aug. 9, 2016) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002)). . . . Activating Falls as a confidential informant . . . even when done with an informant with a known violent history, is generally not an action 'aimed at' a discrete plaintiff, but rather at 'the public at large.'" *Id.* at *6.

ECF No. 64 at 6. The second amended complaint fares no better, as it largely repackages the allegations of the first amended complaint.

The plaintiff protests. The second amended complaint, he says, limits the danger's scope by Falls's identity, location, and tenure as an informant. ECF No. 51 at 5. It does allege that "[m]embers of the public who encountered CI Falls" while he was an informant "constituted a limited and foreseeable class of persons exposed to the danger created by Defendants Barnes and Doe's conduct." ECF No. 47-1 ¶ 45. But that simply states a legal conclusion not entitled to the assumption of truth. *Kan. Penn Gaming, LLC*, 656 F.3d at 1214. It does not change the calculus.

To be sure, the Court must construe the plaintiff's complaint "liberally" and hold him "to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). But even so construed, a plaintiff cannot plead a state-created danger claim "merely by naming a more particular sub-class of the public to which the government owed a duty." *Kennerly v. Montgomery Cnty. Bd. of Comm'rs*, 257 F. Supp. 2d 1037, 1044 (S.D. Ohio 2003). That is what the plaintiff seeks to do: the second amended complaint repeatedly alleges that the Falls's informant status increased the danger to the public, *see* ECF No. 47-1

4

¶¶ 4, 6, 8, 17, 42–43, and states that a sub-class of the public — those with whom Falls interacted during his tenure as an informant — included the plaintiff. *Id.* ¶ 45. That will not do. "[C]ases where a discrete and identifiable group are put at risk from a state-created danger are those where certain individuals, whose identities could readily have been guessed at in advance of the deadly hazard, were cast by the state 'into a snake pit.'" *Green v. Logan Cnty.*, No. 2:07-CV-778, 2010 WL 11639847, at *4 (S.D. Ohio Sep. 21, 2010) (quoting *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998)). Members of the public with whom an informant may interact are not so readily guessed.

The principal case upon which the plaintiff relies, *Currier v. Doran*, 242 F.3d 905 (10th Cir. 2001), is not to the contrary. There, a social worker, "[b]y failing to investigate the allegations of child abuse and by recommending that" the abuser "assume legal custody" of two children, "put" those children "at obvious risk of serious, immediate, and proximate harm." *Id.* at 920. A class of two abused children is more defined than the class the plaintiff proposes here.

The Recommendation's second ground for dismissing the first claim — the plaintiff's failure to allege that the defendants' conduct put him at substantial risk of serious, immediate, and proximate harm — also remains unaddressed by the second amended complaint. It still alleges that the assault occurred two and a half years after Falls's activation, *see* ECF No. 47-1 ¶¶ 11–14, 64–76, making "'any danger to the victim[ ] . . . too remote a consequence' of the . . . Defendants' activation of [him] as an informant to establish the requisite causal link under the state-created danger theory." *JGE v. United States*, No. CV 14-710 MV/WPL, 2016 WL 7438011, at *6 (D.N.M. Aug. 9, 2016) (quoting *Graham v. Indep. Sch. Dist. No. I-89*, 22 F.3d 991, 995 (10th Cir. 1994)). The plaintiff counters that general allegations about the dangers of using a violent individual as an informant should qualify, ECF No. 51 at 6, but he cites no

5

authority so holding. For aught that appears, none exists.

The short of it is that "[i]t cannot be that the state . . . 'creates a danger' every time it does anything that makes injury at the hands of a third party more likely." *Pinder v. Johnson*, 54 F.3d 1169, 1175 (4th Cir. 1995). Using confidential informants with criminal histories may make injury to someone, somewhere more likely, but "[t]he government cannot be expected to rely exclusively upon the virtuous in enforcing the law." *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1307 (11th Cir. 2003). Liability ensues only when the practice creates a substantial risk of serious, immediate, and proximate harm to a limited and specifically definable group. The plaintiff's second amended complaint alleges no such risk and, thus, amendment would be futile.

The second amended complaint also does not rectify the plaintiff's failure to allege municipal liability against defendant City of Aurora. The claim is rooted in Aurora's failure to adopt policies or train its officers about confidential informants. *See* ECF No. 47-1 ¶¶ 119–125. But the Recommendation previously concluded that "[a]ny such lack of policy did not cause Falls to threaten the plaintiff for years; it did not make the plaintiff go to his daughter's house on October 28, 2022; it did not spur on the argument at the house; or cause any threats thereafter." ECF No. 46 at 9. The district judge adopted that conclusion, ECF No. 48 at 2, and the second amended complaint has no factual allegations altering it. The plaintiff does assert that Aurora's lack of policies and training "were the moving force behind the violation of Plaintiff's Fourteenth Amendment rights," ECF No. 47-1 ¶ 136, but, again, legal conclusions are not entitled to the assumption of truth. *Kan. Penn Gaming, LLC*, 656 F.3d at 1214. No facts in the proposed complaint plausibly allege municipal liability.

At this point, the plaintiff has had the benefit of the Recommendation, attempted to amend, and still fallen short of stating a claim. "A dismissal with prejudice is appropriate where

a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Granting further leave to amend, given that the plaintiff has largely reasserted the same theory of liability in his proposed second amended complaint as he did in his first, would now be futile. Accordingly, the Court recommends that this case now be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, the Court **RECOMMENDS**[1] that the plaintiff's Opposed Motion for Leave to File Second Amended Complaint, ECF No. 47, be **DENIED** and that the case be **DISMISSED with prejudice**. It is further **ORDERED** that the plaintiff's Opposed Motion for Leave to File His Reply out of Time, ECF No. 52, is **GRANTED**.

Respectfully submitted this 15th day of July, 2026, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.